## GORDON *v.* STATE.

[90 South. 96. No. 22096.]

CRIMINAL LAW. *Instruction as to accomplice's testimony held sufficient.*

In a criminal prosecution, where the state introduces and relies upon the testimony of an accomplice to obtain a conviction, the defendant is entitled to an instruction that the testimony of an accomplice is to be considered with great care and caution, but the words used in conveying such idea are not material so long as it conveys the idea; and, where the defendant obtains an instruction that the law requires more evidence than that of the accomplice alone, no prejudicial error is committed in refusing an instruction that such testimony must be considered with care, caution, and suspicion.

Appeal from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Charlie Gordon was convicted of making intoxicating liquors, and he appeals. Affirmed.

*Davis & Hill,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Charlie Gordon was convicted of the unlawful and felonious making of intoxicating liquors, and sentenced to the penitentiary and from said judgment prosecutes this appeal.

The chief error assigned is the refusal of the following instruction requested by the appellant:

"The court instructs the jury for the defendant that the testimony of an accomplice must be received and weighed by you with great caution, suspicion, and jealousy."

The accomplice at which the instruction was aimed was a state's witness, Ed Wiggins, who testified that the appellant manufactured the whisky in question; that he

went to the appellant's house for the purpose of procuring a pair of shoes to be repaired for the appellant, and that when he reached there the appellant was operating a still and manufacturing whisky in the house; that when he called for the shoes the appellant stated he would have to step out and get them, and left the witness in the house. While the witness was in the house and the appellant was absent, the officers of law came up and invaded the house, found the still in process of operation, and some liquors being run at said time. Wiggins was arrested and pleaded guilty of being engaged in the manufacture of whisky. The officers testified that the appellant lived in the house, and that the still was being operated when they entered. They also testified that they did not see the appellant, that he left town, and was located and arrested in Meridian and brought back for trial. The witness Wiggins and the officers each testified that the house was occupied by the appellant. The appellant denied this, and stated he had just returned a few days before from serving a sentence in the Harrison county jail for the manufacture of whisky, of which he was convicted in the federal court, and that he was boarding with a woman in another house at the time the officers raided the one in question.

The appellant obtained the following instruction:

"The court instructs the jury for the defendant that an accomplice is one who is connected with the crime, either before, at the time, or after the commission of the offense; that the witness Wiggins is an accomplice, and that you cannot convict the defendant upon the testimony of the said Wiggins alone, unless you first believe his testimony is true, and even then you cannot convict the defendant upon said testimony unless you further believe there is other testimony in the case corroborative of the accomplice's testimony tending to prove the defendant guilty; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission, and then from all the

evidence you must believe the defendant is guilty beyond all reasonable doubt."

This instruction, obtained and used, is more favorable than the one requested and refused, and indeed gives the appellant more than he was entitled to under the law, and the instruction, taken as a whole, gave the law as fully as he was entitled to receive it.

We have repeatedly said that the wording of an instruction was not material so long as it conveyed to the jury the idea that the testimony of the accomplice, in order to sustain the conviction from that evidence alone, must be weighed with great care and caution. In the present case the evidence of the alleged accomplice is corroborated by strong circumstantial evidence, and the *corpus delicti* was clearly proven independent of the testimony of the accomplice. The circumstance of flight, under the facts in this case, was competent to go to the jury, in corroboration of Wiggins' testimony.

The other assignments of error are without merit.

*Affirmed.*